Bartlett, J.
It seems to me upon the proofs in this case that the plaintiff on the trial established his right to a portion of the relief sought.
The action is brought to restrain the alleged infringement of a trade mark.
Both parties are engaged in the sale of a liquid medical preparation, first made in the early part of the present century by a physician named Salzburger, at Salsungen, and still manufactured in that town by a corporation from which the plaintiff has acquired the exclusive right to sell in this country the compound as prepared by or for the corporation in Germany.
The defendant, however, learned the composition of this medicine when at work for the apothecary who then made it at Salsungen, thirty years ago. There is no reason apparent, therefore, why he may not lawfully manufacture it and offer it for sale, so long as he does not endeavor to deceive purchasers as to its origin by simulating the distinguishing marks adopted by the plaintiff for the medicine made by the German corporation.
While I agree with the learned trial judge that the words Allgemeine Flusstinctur as applied to this compound do not constitute a trade mark, I think the name of Salsungen *844 Company does. Its úse serves to indicate that the article is manufactured at a particular establishment, a fact which may well be influential with buyers. Kidd v. Johnson, 100 U. S., 617, 620. The defendant has stamped this corporate name in an abreviated form upon the capsule of his bottles, with a symbol and motto corresponding to those upon the bottles of the plaintiff. The resemblance is such as readily to mislead, and entitles the plaintiff to the intervention of the court, although he is not himself the manufacturer of the goods he desires to protect. It is sufficient if he owns or controls them. McLean v. Fleming, 96 U. S., 245, 253.
The defendant’s customary notices within the wrappers around the bottles seem equally designed for deceptive purposes.
The defendant is at liberty to represent that the medicine he makes and sells is the same in character and composition as that formerly prepared by Dr. Salzburger, in Germany, if such be the fact. He should not, however, be permitted to use devices which tend to create the false impression that his compound is manufactured by or for the foreign corporation which makes the plaintiff’s medicine. Notwithstanding the defendant’s claim upon the trial that he had given up the employment of these devices, an injunction in respect thereto might properly have been awarded. Freese v. Bachof, 13 Blatchf.. 234.
The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.
Van Brunt, P. J., and Brady, J., concur.